**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM H. WANLESS, JR.,

Petitioner-Appellant,

v.

STEPHEN W. KAISER,

Respondent-Appellee.

No. 99-6452
(W. District of Oklahoma)
(D.C. No. 99-CV-8-L)

**ORDER AND JUDGMENT***

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on William Wanless' *pro se* request for a certificate of appealability ("COA"). Wanless seeks a COA so that he can appeal

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(a) (providing that "an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA). The district court dismissed Wanless' petition pursuant to the one-year period of limitations set forth in 28 U.S.C. § 2244(d)(1). In so doing, the district court noted that even generously applying the tolling provisions set forth in § 2244(d)(2), Wanless' petition was filed seventeen months after the limitations period had expired. The district court also rejected Wanless' request that the limitations period be equitably tolled, noting that none of the circumstances identified by Wanless as excusing his tardiness were sufficiently extraordinary to justify application of that doctrine.

On appeal, Wanless recognizes that his § 2254 habeas petition was not timely filed, but reasserts the same arguments in support of equitable tolling that he advanced before the district court. Upon review of the report and recommendation of the magistrate judge and district court order, both of which are thorough and well-stated, along with Wanless' appellate filings and the entire record on appeal, we find nothing to add to what is already set out in the district court's order and magistrate's report and recommendation. In particular, this court notes that the district court's conclusion that Wanless failed to present any

extraordinary circumstance justifying equitable tolling is not reasonably debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Accordingly, Wanless has not made a substantial showing of the denial of a constitutional right and is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(2).

Wanless' request for a COA is **DENIED** for substantially those reasons set forth in the magistrate judge's report and recommendation dated July 26, 1999, and district court's order dated November 19, 1999. Wanless' request to proceed *in forma pauperis* on appeal is **DENIED** as moot in light of his payment of the filing fee in full upon initiation of this appeal. This appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT:


Michael E. Murphy
Circuit Judge